IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEANNA L. BAUMGARDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-00035-DGK-SSA |
| ) | |
| LEE DUDEK, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Deanna L. Baumgarden's application for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including fibromyalgia, migraines, umbilical hernia, and status post small bowel resection of the ileum. But the ALJ found that she retained the residual functional capacity ("RFC") to perform light work with certain additional limitations, including work as a router, storage facility rental clerk, and cashier.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs on June 15, 2021, alleging a disability onset date of May 20, 2021. The Commissioner denied the application at the initial claim level, and Plaintiff appealed

the case to the ALJ. After holding a hearing, the ALJ found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 8, 2023, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's actions at Step Four by arguing that the ALJ erred in: (1) assessing the physical components of Plaintiff's RFC; and (2) assessing the mental components of Plaintiff's RFC.

Before delving into the numerous, specific arguments on these fronts, the Court notes a unifying deficiency across most arguments. Plaintiff repeatedly atomizes and cherry picks record evidence that supports a finding of disability, while ignoring or downplaying the evidence that supported the ALJ's decision. These arguments not only mischaracterize the record and the ALJ's well-supported and thorough decision, but they also invite the Court to do what it cannot: "reweigh the evidence presented to the ALJ or try the issue in this case de novo." *Dols v. Saul*, 931 F.3d 741, 746 (8th Cir. 2019) (internal quotation marks omitted). Plaintiff's kitchen sink approach also forces the Commissioner to expend considerable time and resources scouring the record and caselaw to refute her meritless arguments. As best the Court can tell, this appears to be an attempt

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

to overwhelm the Commissioner and get him to agree to a remand rather than respond to Plaintiff's voluminous arguments.

If Plaintiff's counsel takes this approach in future cases, the Court will summarily affirm the Commissioner's decision and may also impose sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority. All arguments should be targeted to meritorious issues that are supported by the caselaw and factual record.

### I. Substantial evidence supports the ALJ's RFC formulation with respect to Plaintiff's physical limitations.

In a meandering and unstructured set of arguments,[2] Plaintiff contends the ALJ erred in various ways in assessing the physical components of her RFC. Defendant counters each point with controlling caselaw and record evidence.

None of Plaintiff's arguments have any merit. First, substantial evidence supports the ALJ's finding that Plaintiff's fibromyalgia did not cause disabling limitations. *See* R. at 25, 336, 355, 501–02, 508–09, 558, 563, 569, 575, 586, 592, 598, 604, 610, 616, 622, 628, 709, 733; *see also Swarthout v. Kijakazi*, 35 F.4th 608, 611 (8th Cir. 2022) ("Several other reports of examinations include unremarkable findings. As we have said before, that working may cause discomfort does not dictate a finding of disability, and not every diagnosis of fibromyalgia warrants a finding that a claimant is disabled." (internal quotation marks omitted)). Second, the ALJ did not commit reversible error by not explicitly discussing Plaintiff's alleged back pain in the RFC analysis where substantial, objective medical evidence demonstrated no limitations beyond what was included in the RFC. *See* R. at 21, 336, 355, 481–82, 502, 509, 558, 563, 569, 580, 592, 598, 604, 610, 616, 622 628, 681, 683, 709, 733; *see also Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004).

---

[2] In future briefs, Plaintiff's counsel shall put arguments in separate sections or subsections with separate headers.

Third, substantial evidence supports the ALJ's finding that Plaintiff's migraines required additional restrictions in the RFC, but they were not disabling. *See* R. at 26, 98, 262, 280–81, 336–37, 354–55, 481, 501–03, 509, 527, 546, 686, 708–09, 726–27, 733, 767, 810, 817; *see also Pierce v. Kijakazi*, 22 F.4th 769, 773 (8th Cir. 2022); *Twyford v. Comm'r Soc. Sec. Admin.*, 929 F.3d 512, 517–18 (8th Cir. 2019). Fourth, and finally, the ALJ did not err in relying on consultative examinations that predated more recent evidence about Plaintiff's conditions because the later evidence did not contradict or undermine their opinions and there was sufficient medical evidence in the record for the ALJ to make the disability determination without ordering further examinations. *See Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) ("[T]here is no requirement that an RFC finding be supported by a specific medical opinion."); *see also Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (no requirement for additional examinations where there is sufficient evidence to make the disability determination).

In sum, substantial evidence supports the ALJ's assessment of the physical components of Plaintiff's RFC.

## II. Substantial evidence supports the ALJ's RFC formulation with respect to her alleged mental limitations.

Plaintiff argues that the ALJ erred by not including certain mental limitations in her RFC even though: (1) the ALJ found she had mild mental limitations at Step Two; (2) the ALJ found persuasive certain doctors' opinions that included mild mental limitations. Defendant counters that the ALJ thoroughly considered Plaintiff's purported mental impairments, but he found that they did not require limitations to be assessed in the RFC.

Defendant is correct. The ALJ did not err in failing to discuss every purported mental limitation in his RFC analysis because the ALJ has no duty to do so. *See Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090–91 (8th Cir. 2018) (quoting *McCoy v. Astrue*, 648 F.3d 605,

615 (8th Cir. 2011)). And even though the ALJ found mild mental limitations in certain areas at Step Two, this does not require the ALJ to assess any functional limitations in the RFC at Step Four. *See Bond v. Berryhill*, No. 4:18-CV-00294-DGK-SSA, 2019 WL 1569349, at *2–3 (W.D. Mo. Apr. 11, 2019); *Johnson v. Berryhill*, 4:17-CV-00416-DGK-SSA, 2018 WL 2336297, at *2 (W.D. Mo. May 23, 2018). Similarly, it was not erroneous for the ALJ to find Drs. Brandhorst and Watson's opinions persuasive but not assess any mental limitations. *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022) ("[T]he ALJ is free to accept some, but not all of a medical opinion."). And more fundamentally, the record is full of normal mental examination findings that prove her mental impairments did not warrant any functional limitations in the RFC. R. 22–23, 286, 292, 299, 305, 311, 317, 323, 329, 336, 355, 481, 494, 500, 502, 507, 509, 515, 521, 527, 540, 553, 556, 558, 561, 563, 567, 569, 573, 575, 578, 580, 584, 586, 590, 592, 596, 598, 602, 604, 610, 614, 616, 622, 626, 628, 632–33, 697, 707–08, 721, 723, 726, 731, 733, 736, 741, 767, 775, 794.

In sum, substantial evidence supports the mental components of the RFC.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  February 26, 2025                    /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT